**EXHIBIT "1"**

Electronically Filed
1/6/2022 2:25 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
DRUMMOND LAW FIRM, P.C.
Craig W. Drummond, Esq.
Nevada Bar No. 11109
Liberty A. Ringor, Esq.
Nevada Bar No. 14417
810 S. Casino Center Blvd., Suite 101
Las Vegas, NV 89101
T: (702) 366-9966
F: (702) 508-9440
Craig@DrummondFirm.com
Liberty@DrummondFirm.com
*Attorneys for Plaintiff*

CASE NO: A-22-846342-C
Department 8

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | |
|---|---|
| ANGELICA OLVERA, an individual;   )<br>                                                              )<br>        Plaintiff,                                          )<br>                                                              )<br>vs.                                                          )<br>                                                              )<br>WALMART, INC, a Delaware Corporation; )<br>EDUARDO LOPEZ, an individual; DOES I )<br>through V; and ROE CORPORATIONS VI- )<br>X, inclusive,                                         )<br>                                                              )<br>        Defendants.                                    )<br>_____)  | Case No.:<br>Dept. No.:<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, ANGELICA OLVERA, by and through her attorneys, CRAIG W. DRUMMOND, ESQ. and LIBERTY A. RINGOR, ESQ., of the DRUMMOND LAW FIRM, P.C., for causes of action against the Defendants, alleges as follows:

## GENERAL ALLEGATIONS

1. That all times relevant hereto, Plaintiff, ANGELICA OLVERA, was and now is a resident of the County of Clark, State of Nevada.

///

Page 1

2. Defendant, WALMART, INC (hereinafter "WALMART"), was, and now is, a Delaware Corporation conducting business in Nevada.

3. Defendant, EDUARDO LOPEZ ("LOPEZ") was, and now is, a resident of the County of Clark, State of Nevada.

4. Defendant LOPEZ was the store manager of the Walmart store located at or near 7200 Arroyo Crossing Parkway, Las Vegas, NV 89113 on or around February 11, 2020.

5. That at all times relevant herein, Defendant LOPEZ was the overseer, person-in charge and control, supervisor, maintainer, operator, and controller of the Walmart store located at or near 7200 Arroyo Crossing Parkway, Las Vegas, NV 89113. *See Gardner v. Eighth Judicial Dist. Ct.*, 405 P.3d 651 (Nev. 2017).

6. At all times relevant herein, Defendant WALMART was the owner, operator, lessor, lessee, maintainer, controller, designer, and inspector of the physical location where Plaintiff fell.

7. That at all times relevant herein, Defendant WALMART had ultimate control and oversight of to include policies and procedures related to the maintenance and inspection of the subject floor.

8. That the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendant DOES I through V and ROE CORPORATIONS VI through X, inclusive, is presently unknown to Plaintiff who, therefore, sue said Defendant by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants herein designated as a DOE and/or ROE CORPORATION is responsible in some manner for the events and happenings herein referred to, thereby proximately causing the injury and damages to the Plaintiff as herein alleged. The DOE or ROE Defendants were either the owner, operator, lessee, controller, inspector and maintenance of the subject location or through some recognized legal theory of liability responsible for the damages incurred by the Plaintiff herein. When the true names and or capacities of such Defendant becomes known, Plaintiff will ask leave of this Court to amend Complaint to insert the true names, identities and capacities, together with the appropriate charging allegations.

9. That all the events alleged in this Complaint took place in Clark County, Nevada.

10. That at all times mentioned, Defendants, as aforesaid, and each of them, and/or Defendants' agents, employees, independent contractors, caused the subject floor to not be properly cleaned causing a dangerous and unsafe hazard.

11. At all relevant times herein, Plaintiff, ANGELICA OLVERA, was a business invitee and/or lawful patron of Defendant WALMART's property, located at or near 7200 Arroyo Crossing Parkway, Las Vegas, NV 89113.

12. On or about February 11, 2020, Plaintiff ANGELICA OLVERA was walking normally through the WALMART when she slipped and fell in a foreign liquid substance on the Defendant's property.

## FIRST CAUSE OF ACTION
### (Negligence – Premises Liability)

13. Plaintiff repeats and realleges each and every allegation contained in this complaint, and incorporates same as though fully set forth herein.

14. That on or about February 11, 2020, and for some time prior thereto, Defendants, and each of them, by and through their authorized agents, servants, and employees, acting within the course and scope of their employment, negligently and carelessly owned, maintained, operated, occupied, and controlled the property and walkway in that they failed to inspect, maintain, and warn of the dangerous condition in and about the common walkways on the property, thereby creating a dangerous and hazardous condition to guests and invitees, more particularly to Plaintiff, ANGELICA OLVERA.

15. Defendants, and each of them, permitted, allowed, and caused said unsafe condition to be created and to remain even though Defendants knew or, through the exercise of ordinary care and diligence, should have known, that the common walkways on the premises presented a dangerous condition.

16. Defendants, and their agents, servants and/or employees, and each of the Defendants, failed to maintain, inspect, and repair the common walkways on said premises.

17. Defendants and their agents, servants, and/or employees and each of the Defendants, negligently, carelessly and recklessly failed to inspect the common walkways and

correct said condition, or warn Plaintiff, ANGELICA OLVERA, of the dangerous and hazardous condition.

18. That Defendants had actual or constructive notice of the hazardous floor condition prior to Plaintiffs' fall.

19. That the floor was either in a permanently hazardous and dangerous condition, or if one of a non-permanent nature, one which Defendants were on actual or constructive notice of such conditions.

20. That Defendants either were on notice of the hazardous floor condition, or created the condition, prior to the Plaintiffs' fall.

21. That prior to the subject incident, there were no markings, tapings, cones or indications to the public, or Plaintiff, that the specific area of the incident was in a hazardous and dangerous condition.

22. That prior to the subject incident the Defendants had actual or constructive knowledge that the WALMART floor area was in a hazardous and dangerous condition.

23. That prior to the subject incident the Defendants failed to reasonably inspect, notify, and utilize proper remedies for the hazardous and dangerous conditions.

24. That as a result of her fall, Plaintiff, ANGELICA OLVERA sustained injuries to various parts of her body, including but not limited to, her back, neck, right leg and ankle.

25. That prior to the injuries complained of herein, Plaintiff ANGELICA OLVERA, was an able-bodied person readily and physically capable of engaging in all other activities for which she was otherwise suited, was prevented, and will be prevented, in part, from attending to her usual activities in the future; and that, further, said injuries have permanently and partially disabled said Plaintiff.

26. As a direct and proximate result of the intentional, negligent, and/or reckless conduct on the part of the Defendants, as aforesaid, Plaintiff ANGELICA OLVERA, was required to seek medical care and to undergo medical treatment, including, but not limited to, treatment by physicians, and the taking of medication in excess of $15,000.00.

///

27. As a direct and proximate result of the intentional, negligent, and/or reckless conduct of the Defendants, as aforesaid, Plaintiff ANGELICA OLVERA, will, in the future, be required to expend sums for medical care and treatment for such injuries, all to her damage, in a sum to be determined at trial.

28. That as a direct and proximate result of the negligent, intentional, and/or reckless conduct on the part of the Defendants, their agents, servants and/or employees, as aforesaid, Plaintiff ANGELICA OLVERA, suffered great physical and mental pain and anxiety; that further Plaintiff was prevented in part from attending to her usual activities and will be prevented in part from attending to her usual activities in the future, and that further, said injuries have partially and permanently disabled Plaintiff.

29. That as a direct and proximate result of the negligent, intentional, and/or reckless conduct on the part of Defendants, as aforesaid, Plaintiff has incurred lost wages in a sum to be determined at trial.

30. Defendants' acts were willful, malicious, fraudulent, and oppressive, and in conscious disregard of Plaintiff's rights and safety. Defendants should be punished by the imposition of punitive damages in an amount to be more specifically determined by the trier of fact at trial, to punish Defendants and also deter Defendants and others from any further or similar conduct in the future.

31. That as a direct and proximate result of the negligent, intentional, and/or reckless conduct of the Defendants, as aforesaid, the Plaintiff was required to obtain the services of an attorney in order to prosecute this action, and is entitled to recover reasonable attorney's fees, interest plus costs of suit.

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision, and Retention as to WALMART, INC)

32. Plaintiff repeats and realleges each and every allegation contained in this Complaint, and incorporates same as though fully set forth herein.

33. That Defendant WALMART had a duty to exercise due care in its dealings with the Plaintiff and in the selection, training, supervision, oversight, direction, retention, and control of its employees and/or agents.

34. That Defendant WALMART, and each of them, had a duty to properly and adequately hire, train, retain, and supervise personnel under their control so as to avoid unreasonable risk of harm to the general public, invitees, patrons, and business invitees of the subject Ross store.

35. That Defendant WALMART, and each of them, were responsible for the hiring, training, retaining, supervision, and control of employee(s), including Defendants' Doe Employees, and as a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and controlling employee(s), including Defendants' Doe Employees, Plaintiff suffered injuries and damages as herein alleged.

36. That Defendant WALMART breached that duty by hiring, training, supervising, and retaining its employees even though Defendants knew, or should have known, of Defendants' employees' dangerous propensities.

37. That Defendants' breach was the legal cause of Plaintiff's injuries, and Plaintiff suffered damages as a result.

38. That Defendants' actions were malicious, willful, oppressive, intentional, and done in a conscious and deliberate disregard of Plaintiff's rights, and Defendants failed to follow known safety procedures. Defendants' employer has authorized, ratified, and/or approved all of Defendants' conduct before, during, and after the subject incident, and punitive damages should be awarded against Defendants, and each of them, to punish and deter such conduct in the future in a sum to be determined at the time of trial.

39. The acts and omissions of Defendant WALMART was intentional, willful, oppressive, fraudulent, and done in a conscious and deliberate disregard of Plaintiff's rights and safety, and Plaintiff is entitled to punitive damages in a sum to be determined at the time of trial to punish and deter Defendants' reprehensible conduct in the future.

40. That as a direct and proximate result of the negligent, intentional, and/or reckless conduct of Defendants as aforesaid, Plaintiff was required to obtain the services of an attorney in order to prosecute this action, and is entitled to recover reasonable attorney's fees plus interest and costs of suit.

### THIRD CAUSE OF ACTION
### (Res Ipsa Loquitur)

41. Plaintiffs repeat and realleges each and every allegation contained in the Complaint and incorporates same as though fully set forth herein.

42. That events by Defendants causing Plaintiff, ANGELICA OLVERA, to be injured is the type of event which ordinarily does not happen unless someone or some entity is negligent in its control, management, maintenance, and operation of the premises.

///

///

43. That the area of the subject incident and Plaintiffs subsequent injury was caused by the Defendants, who had exclusive control of the area of the subject incident, and/or the exclusive right to control.

44. That the events causing injury to Plaintiff were not due to any voluntary action or contribution on the part of the Plaintiff.

45. Defendants actions were malicious, willful, oppressive, intentional, and done in a conscious and deliberate disregard of Plaintiffs rights, and Defendants authorized, ratified, and/or approved all of their agents, employees, independent contractors conduct before, during, and after the subject incident and punitive damages should be awarded against the Defendants, and each of them, to punish and deter such conduct in the future in a sum to be determined at the time of trial.

46. That as a direct and proximate result of the negligent, intentional, and/or reckless conduct of the Defendants, as aforesaid, the Plaintiff was required to obtain the services of an attorney in order to prosecute this action, and is entitled to recover reasonable attorney's fees, interest plus costs of suit.

**WHEREFORE**, Plaintiff prays for relief from the Defendants, for all causes of actions, as follows:

1. For a sum to be determined for past and future medical expenses;

2. For a sum to be determined for past and future pain and suffering;

3. For a sum to be determined for past and future physical and mental pain, suffering,

anguish and disability;

4. For general damages in excess of $15,000.00;

5. For special damages in excess of $15,000.00;

6. For a sum to be determined at trial for punitive damages;

7. For reasonable attorney's fees, costs, and interest for having to prosecute this matter.

8. For such and further relief as the Court may deem just and equitable in the premises.

DATED this ⎡25⎤ day of January, 2022.

DRUMMOND LAW FIRM, P.C.

By _____
Craig W. Drummond, Esq.
Nevada Bar No. 11109
Liberty A. Ringor, Esq.
Nevada Bar No. 14417
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, ANGELICA OLVERA, by and through her attorneys, CRAIG W. DRUMMOND, ESQ. and LIBERTY A. RINGOR, ESQ. of the DRUMMOND LAW FIRM, P.C., hereby demands a jury trial of all the issues in the above matter.

DATED this 6th day of January, 2022.

DRUMMOND LAW FIRM, P.C.

By _____
Craig W. Drummond, Esq.
Nevada Bar No. 11109
Liberty A. Ringor, Esq.
Nevada Bar No. 14417
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*