UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGELICA OLVERA, | Case No. 2:22-CV-107 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| WALMART, INC., et al, | |
| Defendant(s). | |

Presently before the court is plaintiff Angelica Olvera's ("Olvera") motion to remand. (ECF No. 6). Defendant Walmart, Inc., ("Walmart") filed a response (ECF No. 9), to which Olvera replied (ECF No. 19).

**I.    Facts**

This is a tort action arising from a slip and fall accident which occurred on February 11, 2020, in Las Vegas, Nevada. (ECF No. 1-1.). Olvera was walking through a Walmart store when she slipped and fell in a "foreign liquid substance," sustaining various injuries ("the accident"). (*Id.* at 4). The store's manager, Eduardo Lopez ("Lopez"), was called over to the site of the accident and took Olvera's statement. (ECF No. 9 at 13). According to Olvera, Walmart and Lopez should have known that store walkways containing a foreign liquid substance presented a dangerous condition. (ECF No. 1 at 4). Thus, Olvera declares that both parties are proper defendants, arguing that Lopez can be held individually liable for his own negligence. (ECF No. 19 at 5).

Olvera filed suit in Nevada state court on January 6, 2022. Walmart was properly served on January 14, 2022, and subsequently filed a petition to remove to federal court on

**James C. Mahan**
**U.S. District Judge**

January 21, 2022. (ECF No. 1). A day later, Lopez was served with a copy of the *state* complaint and summons.

Upon removal, Olvera filed a federal summons on February 22, 2022, which was signed by the clerk of the court on February 23, 2022. (ECF No. 19 at 3). Olvera thereafter served Lopez with a copy of the federal summons and complaint on March 3, 2022, pursuant to 28 U.S.C. § 1446(d). (ECF No. 22).

Olvera now moves to remand this case based on Walmart's "snap" removal—*i.e.*, filing a petition for removal after being served but before a forum defendant could properly be served. In response, Walmart argues that Lopez was fraudulently joined and should not be considered as a properly joined party for purposes of diversity jurisdiction.

**II.    Legal Standard**

A defendant can remove any civil action over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Yet federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). That is why there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). To avoid remand, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The court will resolve all ambiguities in favor of remand. *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992); *Hunter*, 582 F.3d at 1042.

But even if the diversity jurisdiction requirements are met, a diversity case nonetheless cannot be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2). This is the forum defendant rule, a waivable procedural rule yet still one of the

**James C. Mahan**
**U.S. District Judge**

"more substantive removal defects." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

### III. Discussion

The court will first address whether Lopez is a fraudulently joined defendant, then consider whether Walmart's "snap" removal was appropriate under 28 U.S.C. § 1441(b)(2).

#### a. Lopez is a Fraudulently Joined Defendant

28 U.S.C. § 1332 requires complete diversity of citizenship; each plaintiff must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).

An exception to the requirement of complete diversity is where one defendant has been "fraudulently joined." *Id.* If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). Courts in the Ninth Circuit generally presume against the presence of fraudulent joinder. *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (internal quotations omitted).

The defendant seeking removal to district court is entitled to present the facts showing the joinder to be fraudulent. *Id.* (quoting *Smith v. Southern Pacific Co.,* 187 F.2d 397 (9th Cir. 1951)). But the defendant seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. *Hunter*, 582 F.3d at 1044. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

If there is even a possibility that a Nevada state court could find that the complaint states a claim for relief against the allegedly fraudulently joined defendant, the court must remand the case. *Hunter*, 582 F.3d at 1044–46.

Walmart argues that Lopez is fraudulently joined because, under the doctrine of *respondeat superior*, any allegations against Lopez are limited to his actions within the scope of his employment, and thus, any personal negligence claims are duplicative. (ECF No. 9 at

14).  As such, the claims against Lopez have no apparent function other than to defeat diversity.  (*Id.*).  The court agrees.

"Within the course and scope of employment" means: (1) the conduct occurred substantially within the time and space limits authorized by the employment; (2) the employee was motivated, at least in part, by a purpose to serve the employer; and (3) the act was of a kind that the employee was hired to perform.  *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n,* 298 F.3d 768, 775–76 (9th Cir. 2002).  While an employer has *respondeat superior* liability for its employees' acts committed during the course and scope of employment, if an employee's tort is "truly an independent venture of his own and not committed in the course of the very task assigned to him," *respondeat superior* liability will not attach to the employer.  *Prell Hotel Corp. v. Antonacci*, 469 P.2d 399, 400 (Nev. 1970).

Olvera's complaint presents no facts or allegations indicating that Lopez engaged in "truly independent" behavior that could plausibly be connected to an individual tort.  The complaint contains three causes of action: premises liability negligence; negligent hiring, training, supervision, and retention; and res ipsa loquitur.  All of these causes of action are pled within the context of Olvera's claim that she "slipped and fell in a foreign liquid substance on the [d]efendant's property."  (ECF No. 1-2 at 4 ¶ 12).

Furthermore, all alleged conduct by Lopez appears to (1) have occurred during the time and space of Lopez's employment, (2) be motivated by his purpose to serve his employer as a store manager, and (3) be of the kind that an employee-manager was hired to perform—to wit, addressing any problems in the store such as remedying a hazard, taking statements, and overseeing employees, *inter alia.*

Thus, if Lopez was negligent in his duties as a manager regarding the accident, his negligence would clearly fall under *respondeat superior* and be imputed to Walmart.

In contrast, the court strains to see how the face of the complaint pleads any possible individual tort claim against Lopez.  For instance, there are no additional allegations of sexual assault, battery, or other type of individual tort that could potentially exist outside of

**James C. Mahan**
**U.S. District Judge**

- 4 -

*respondeat superior*.[1]  Furthermore, Lopez is identified in the complaint only as a *store manager* who was "the overseer, person-in-charge and control, supervisor, maintainer, operator, and controller" of the Walmart store where the accident occurred, not as an individual. (*Id.* at 3 ¶ 4–5).

Regardless, Olvera contends that additional discovery is needed to determine "Lopez's day-today job tasks, functions, and responsibilities," and to "flesh out what [d]efendant Lopez knew about the hazardous floor condition prior to the subject incident as well as his role within Walmart and his managerial duties and responsibilities." (ECF 19 at 6).

The court finds that these suggested discovery requests actually support the notion that the complaint does not allege any negligence against Lopez personally.  Each of the facts listed above, if gleaned, would shed light only on Lopez's allegedly negligent actions *as an employee-manager* of Walmart, not as an individual citizen committing a tort against another person.

Finally, Olvera does not direct the court to any meaningful case law demonstrating support for her position.  She cites only to *Gardner v. District Court*, where the Nevada Supreme Court held that a "manager" of an LLC could be sued for personal negligence under an alter ego theory.  405 P.3d 651 (Nev. 2017).  This case is inapposite to the facts at hand, since Lopez is an employee-manager of an incorporated entity, not a "manager" of an LLC entity.

Thus, we find that Walmart has proven by clear and convincing evidence that Lopez was a fraudulently joined defendant.  Olvera has failed to state a cause of action against Lopez individually, and her failure is obvious according to the settled rules of the state of Nevada.

---

[1] In *Prell Hotel*, the Nevada Supreme Court held that a blackjack dealer who punched a customer, knocking him unconscious, did *not* commit an individual tort outside the realm of *respondeat superior* because he committed the tort *while* dealing cards.  If that set of facts did not result in individual tort liability for an employee, the court strains to see how a store manager engaging in any potential negligent conduct surrounding a slip and fall could not be imputed to the employer.

**James C. Mahan**
**U.S. District Judge**

- 5 -

### b. Snap Removal

Because the court finds that Lopez was fraudulently joined, complete diversity of citizenship—and thus proper diversity jurisdiction pursuant to 28 U.S.C. § 1332—existed at the time of removal. Thus, Walmart properly removed this action to federal court and the issue of snap removal is moot.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Olvera's motion to remand (ECF No. 6) be, and the same hereby is, DENIED.

DATED June 15, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -